**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Kravetz, | No. CV-08-1060-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Paul Revere Life Insurance Company, et al, | |
| Defendants. | |

The court has before it non-party Kahn's "Motion to Quash and Motion for Protective Order" (doc. 24), "Plaintiff's Response to Motion to Quash Subpoena and Plaintiff's Motion to Compel" (doc. 28 and 29), "Leo Kahn, M.D.'s Reply in Support of Motion to Quash Subpoena and Response to Plaintiff's Motion to Compel" (doc. 35), and "Plaintiff's Reply to Motion to Compel" (doc. 36).

Kahn was hired by defendants to perform an independent medical evaluation of plaintiff. Defendants relied upon that evaluation in resolving plaintiff's claim for disability benefits. Plaintiff now wishes to show that Kahn has no real medical practice and the bulk of his business is as an expert for insurance companies. While defendants have not taken a position, Kahn resists plaintiff's effort to acquire information to support its theory. Kahn objects to producing communications with the defendants, guidelines or instructions from the defendants, reports of other IMEs he participated in 2006, 2007 and 2008, and Form

1099s reflecting work as an independent medical examiner for the tax years 2006, 2007 and 2008. Kahn claims that the matters sought are irrelevant, burdensome, in violation of privacy and HIPAA, and overly broad.

We reject the claim that the information sought is irrelevant. It seems plainly calculated to lead to the discovery of admissible evidence on plaintiff's theory of bias.

Kahn's burden argument can be resolved by allowing plaintiff's counsel to inspect and copy these documents or by requiring plaintiff to pay to Kahn the costs of producing and copying them.

The privacy and HIPAA objection can be dealt with by having plaintiff's counsel review the documents, copy only those that are desired, and protect them from disclosure under Rule 26(c)(1)(G), Fed. R. Civ. P.

Kahn's claim that he does not have his Form 1099s for the tax years 2006, 2007 and 2008, borders on the incredible. These are years fully subject to IRS audit. Again, any privacy issues can be resolved through protective order.

Because defendants hired Kahn, Kahn may have a contractual remedy against the defendants with respect to the costs of production. In addition, Kahn has admitted that "[f]rom 2006 to present, Dr. Kahn estimates that he has done an average of four to five IMEs per week at approximately $1000.00 each. A rough estimate puts Dr. Kahn's income for IMEs at $208,000.00 to $260,000.00 a year." Kahn's Reply and Response at 5-6 (doc. 35). He has thus voluntarily thrust himself into the mix of resolving insurance claims and thus, in contrast to physicians who limit their practice to patient care, can reasonably be expected to anticipate involvement in litigation of this sort.

Accordingly, IT IS ORDERED DENYING Kahn's "Motion to Quash Subpoena and Motion for Protective Order" (doc. 24) and GRANTING "Plaintiff's Motion to Compel" (docs. 28 and 29)

The parties, and non-party Kahn, are encouraged to cooperate in finding practical solutions to their concerns. They are also reminded of the two page limit on discovery motions under this court's order of September 12, 2008, at 3 ¶ 9 (doc. 17).

1    DATED this 9th day of January, 2009.

*[signature]*
Frederick J. Martone
United States District Judge

- 3 -