**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Kravetz,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Paul Revere Life Insurance Company, et al.<br><br>　　　　Defendants. | No. CV-08-1060-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' motion to compel production of computer hard drives and computer storage media and statement of consultation (docs. 63 & 64), plaintiff's response and motion for protective order (doc. 69), and defendants' reply in support of the motion to compel and in response to motion for protective order (doc. 71). We also have before us plaintiff's motion to withdraw previously filed opposition to defendants' motion to compel and motion for protective order (doc. 75), plaintiff's amended response to defendants' motion to compel (doc. 82), motion for protective order (doc. 77), declarations in support of plaintiff's motion for protective order (docs. 79, 80 & 81), and defendants' response (doc. 85). The court also has before it non-party Kahn's motion to for substitution of counsel (doc. 74).

Plaintiff moves to withdraw his originally filed response and motion for protective order because it exceeded the page limit allowable in our September 12, 2008 order. To avoid any more unnecessary filings or dely, we will grant plaintiff's motion to withdraw

(doc. 69) and consider his amended response and separate protective order (docs. 82 & 77). To the extent plaintiff's amended filings contain new arguments and factual assertions, they will not be considered. Also, we will deem defendants' reply and response to plaintiff's motion for protective order (doc. 71) responsive to plaintiff's newly filed motion.

Defendants move to compel production of: (1) the hard drive from plaintiff's desktop computer; (2) the hard drive from any other computer plaintiff used for business from March 23, 2005 until the present; and (3) all computer storage media plaintiff used for business from March 23, 2005 until the present. Defendants propose to provide the hard drives and media to a third party consultant to determine the number of hours plaintiff spent typing on a typical day, which is relevant to his disability claim. Plaintiff claims that defendants would be unable to discern the number of hours he spent typing from information on his hard drives, and has submitted the declaration of a purported expert in electronic discovery issues to support this claim. Plaintiff also argues that the request is overly broad and unduly burdensome.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 34(a)(1)(A), Fed. R. Civ. P., allows a party to inspect, copy, test, or sample "any designated documents or electronically stored information." Defendants have properly explained why the metadata on Kravetz's hard drives and storage devices may be relevant to the number of hours Kravetz worked prior to and after his injury. However, defendants need not and may not review the substance of documents on plaintiff's hard drives and media devices.

We will, therefore, compel plaintiff to provide the requested computer devices with the limitation that defendants may only extract metadata and other necessary electronic information regarding the amount of time spent on documents, but not the substance of the documents themselves. To the extent plaintiff challenges the ability of metadata to show the number of hours he worked, he is free to argue the weight that should be given to this information at trial.

Accordingly, **IT IS ORDERED GRANTING** defendants' motion to compel (doc. 63), with the limitation that defendants are not to access the substance of any documents contained on plaintiff's hard drives or media storage devices.

**IT IS FURTHER ORDERED GRANTING** plaintiff's motion to withdraw previously filed opposition to defendants' motion to compel and motion for protective order (doc. 75) and **IT IS FURTHER ORDERED DENYING** plaintiff's motion for protective order (doc. 77). **IT IS FURTHER ORDERED DENYING** plaintiff's stipulated motion for extension of time to file opposition to defendants' motion to compel on grounds of mootness (doc. 68).

**IT IS FURTHER ORDERED GRANTING** non-party Kahn's motion for substitution of counsel (doc. 74). Neil Alden, Esq. and Curtis Bergen, Esq. of the law firm Jardine Baker Hickman & Houston, PLLC are substituted as attorneys of record for Leo Kahn, M.D. in the above entitled action.

DATED this 10th day of June, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge