**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dennis Kravetz, | ) | No. CV-08-01060-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Paul Revere Life Insurance Company and | ) | |
| Unum Group, f.k.a. UnumProvident Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it plaintiff's motion to compel production of documents and computer data (doc. 102), defendants' response (doc. 106), and plaintiff's reply (doc. 113).

Plaintiff moves to compel the production of: (1) documents and electronic data concerning defendants' former employees collected in 2003; (2) documents produced in connection with an action brought by a former employee in Tennessee; (3) backup electronic data preserved in 2003; (4) documents related to defendants' policy changes; (5) claims operation information; and (6) emails related to plaintiff. Defendants contend that the requests are overly broad and unduly burdensome, and that they cover information which eluded plaintiff's counsel years ago when defendants' practices were different.

Plaintiff is advised that the last day of discovery is not the time to resolve a five-month-old dispute which came to an impasse a month before. Nevertheless, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

1  defense." Fed. R. Civ. P. 26(b)(1). Discovery includes requests to produce "any designated
2  documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A). Evidence of
3  past practices is relevant in a bad-faith insurance action claiming punitive damages. See
4  Hawkins v. Allstate Ins. Co., 152 Ariz. 490, 498, 733 P.2d 1073, 1081 (1987). Defendants'
5  argument concerning changed practices in recent years goes to the weight of the evidence
6  and not its relevancy. However, defendants' objection to the breadth of the requests is well
7  taken. Plaintiff directs us to an opinion involving a request for six specific days of email.
8  Motion to Compel, Ex. B. Plaintiff offers no such limitation here. Given his
9  acknowledgment that defendants' alleged scheme "has been widely exposed," we find that
10 plaintiff has not shown good cause under Rule 26(b)(2)(B), Fed. Civ. P., with respect to
11 electronic data. Id. at 1. Therefore, we deny plaintiff's delayed motion to compel electronic
12 data.

13    Plaintiff's motion specifically identifies Ralph Mohney as an alleged architect of a
14 scheme and Harold Chandler as someone who made a public denial. It also indicates an
15 interest in defendants' policy changes since a settlement in 2004. We will narrow the scope
16 of plaintiff's requests accordingly.

17    **IT IS THEREFORE ORDERED GRANTING** plaintiff's motion to compel
18 production (doc. 102), limited to the following:

19    (1) any physical documents found in the preserved boxes from Ralph Mohney's office
20 related to claim procedures, including internal memoranda and printed emails;

21    (2) any physical documents found in the preserved boxes from Harold Chandler's
22 office related to a video denial of claims improprieties;

23    (3) any physical documents created since January 1, 2004 that are responsive to
24 Plaintiff's Requests 14, 15, and 16;

25    (4) any additional documents responsive to Plaintiff's Request 17; and

26    (5) an appropriate privilege log.

27    **IT IS FURTHER ORDERED DENYING** plaintiff's motion to compel production
28 (doc. 102), in all other respects.

DATED this 24th day of September, 2009.

Frederick J. Martone
Frederick J. Martone
United States District Judge